IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CHRISMAN,<br><br>               Petitioner,<br><br>    vs.<br><br>MICHAEL MARTEL, Warden (A), Mule Creek Prison,<br><br>               Respondent. | No. 2:06-cv-00827-JKS<br><br>ORDER DENYING MOTION TO AMEND<br>and<br>DISMISSING PETITION |

      Petitioner Robert Chrisman, appearing *pro se*, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. At the time he filed his petition Chrisman was in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the Mule Creek State Prison, Ione, California. In his petition Chrisman challenged the Governor's decision reversing the decision of the Board of Prison Terms that he be released on parole.

MOTION PRESENTED

      At Docket No. 25 Chrisman has filed a Request to Amend Petition in which he states that he was released on parole on December 15, 2008. Chrisman concedes this renders the claims raised in his petition moot.

      Chrisman requests that, notwithstanding that his original claims are now moot, he be granted leave to file an amended petition setting forth a new claim, to wit: that respondent be ordered to subtract the time he served in excess of his legally established term from his period of parole. For the following reasons, the Court declines to grant leave and dismisses the petition as moot.

DISCUSSION

Leave to amend should be "freely given when justice so requires."[1] An exception to this rule is when amendment would be futile.[2] In this case amendment would be futile.

The Board of Parole Hearings granted Chrisman's application for parole in July 2008 and he was released on parole on December 15, 2008. The relief Chrisman seeks—whether, under California law, he is entitled to have his period of parole reduced by time served in excess of his legally established term—is a question of state law normally beyond the purview of this Court in a federal habeas proceeding.[3] At this point, it does not appear that Chrisman could present an issue involving a violation of the Constitution or laws or treaties of the United States, a prerequisite to the exercise of habeas jurisdiction in this Court.[4] It also appears that, as to the issue he now attempts to bring before this Court, Chrisman has not exhausted his available state court remedies, also a prerequisite to the grant of relief by this Court.[5] Although the exhaustion requirement may be waived,[6] this Court is of the opinion that given the nature of the relief sought, which does not appear to raise any issue of federal law, the principles of comity dictate that Chrisman present his claim to the state courts.

ORDER

**IT IS THEREFORE ORDERED THAT** the Request to Amend at Docket No. 25 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Amended Petition for Writ of Habeas Corpus filed herein be, and the same hereby is, **DISMISSED**, as moot.

---

[1] Fed. R. Civ. P. 15(a);

[2] *Stetman v Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

[3] *See Engle v. Isaac*, 456 U.S. 107, 128 (1982); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law) *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

[4] *See* 28 U.S.C. §§ 2241(c)(3); 2254(a).

[5] *See* 28 U.S.C. § 2254(b)(1)(A).

[6] *See* 28 U.S.C. § 2254(b)(3).

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[7]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  See Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court to enter final judgment accordingly.

Dated:  January 13, 2009.

>     /s/ James K. Singleton, Jr.
>     JAMES K. SINGLETON, JR.
>     United States District Judge

---

[7] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted).